RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
bledahl@raklaw.com
prkoeger@raklaw.com
nrubin@raklaw.com
jbuczko@raklaw.com
mchan@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHIA CORPORATION; and NICHIA AMERICA CORPORATION, <br><br> Defendants. | Civil Action No. 2:19-cv-08172 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants NICHIA CORPORATION ("Nichia") and NICHIA AMERICA CORPORATION ("Nichia America") (collectively "Defendants").

## PARTIES

1.      Document Security Systems, Inc. is a publicly-traded New York corporation.  Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2.      In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit.  The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.

3. On information and belief, Nichia Corporation ("Nichia") is a foreign corporation under the laws of Japan with a principal place of business located at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan. Upon information and belief, Nichia manufactures light-emitting diode ("LED") products and, through its subsidiaries, Defendant Nichia America Corporation ("Nichia America"), has sales offices in the United States.  On information and belief, Nichia may be served via officer or director at the above address.

4.  On information and belief, Nichia America is a Michigan corporation, having its principal place of business at 48561 Alpha Drive, Ste. 100, Wixom, MI 48393 and a sales office at 3625 Del Amo Blvd. Suite 325, Torrance, CA 90503. Upon information and belief, Nichia America is a subsidiary of Nichia and sells and/or offers for sale in the United States LED products manufactured by it and/or Nichia, including in the State of California and in this judicial district. Nichia America can be served via its registered agent for service, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

**JURISDICTION AND VENUE**

5.  This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Central District of California giving rise to this action and have established minimum contacts with the forum state of California.  Defendants directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit.  Defendants have, both jointly and individually, placed infringing products into the stream of commerce, leading to substantial sales of infringing products in California in this judicial District and the State of California. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of California and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants have a regular and established place of business in this District and have committed acts of patent infringement in this District.  Defendants, for example, have a regular and established place of business in this District at 3625 Del Amo Blvd. Suite 325, Torrance, CA 90503.

**BACKGROUND**

8.  DSS is the owner by assignment of United States Patent No. 6,879,040 ("the '040 Patent") entitled "Surface Mountable Electronic Device."  The '040 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2005.  A true and correct copy of the '040 Patent is included as Exhibit A.

9.  DSS owns all rights, title, and interest in and to the '040 Patent, including

all rights to sue and recover for past and future infringement.

## COUNT I

### INFRINGEMENT OF THE '040 PATENT

10.     DSS references and incorporates by reference paragraphs 1 through 9 of this Complaint.

11.     Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '040 Patent, and continues to do so.  By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their 157 Series, 172 Series, 277 Series, 333 Series, 233 Series, 134 Series, and 100 Series LED products. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.  Defendants' infringing products are collectively referred to hereinafter as "Accused Instrumentalities."

12.     Defendants have directly infringed and continue to directly infringe the '040 Patent by, among other things, making, using, offering for sale, selling, and/or importing the Accused Instrumentalities.  Such products and/or services are covered by one or more claims of the '040 Patent including at least claim 1 because they contain each element of those claims.

13.      As an illustrative example, Defendants import, sell and offer to sell their 157 Series products.  Defendant's 157 Series infringes, for example, Claim 1 of the '040 patent because it is a surface mountable electronic device, comprising a packaged body

having a mounting surface (shown below), the mounting surface having a plurality of recesses at side edges of the body (circled below in red):



14.    Defendants' 157 Series also includes a plurality of electrical contacts (labeled below as "anode" and "cathode"), each of which extends from an interior portion of the mounting surface and terminates in one of said recesses, and each of which conforms to one of said recesses:



15.    Said recesses and electrical contacts included in Defendants' 157 Series are also sized to provide offsets between said mounting surface and said electrical contacts:



16.    By making, using, offering for sale, selling, and/or importing the Accused Instrumentalities infringing the '040 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '040 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

17.    In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities and related products, to directly infringe each and every claim limitation, including without limitation claim 1 of the '040 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '040 Patent.  Defendants have had actual knowledge of the '040 Patent at least as of service of this Complaint.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '040 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '040 Patent. The Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '040 Patent.  Defendants know and intend that customers

1    that purchase the Accused Instrumentalities will use those products for their intended
2    purpose.  Defendants also specifically intend its customers infringe the '040 Patent
3    through use of the Accused Instrumentalities through trade show presentations,
4    customer visits, direct customer contacts and application guides.  For example,
5    Defendant's website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs
6    customers to use Accused Instrumentalities in numerous "Applications." In addition,
7    Defendants specifically intend that their customers, such as United States distributors,
8    retailers and consumer product companies, will import, use and sell infringing products
9    in the United States in order to serve and develop the United States market for
10   Defendants' infringing products.

11       18.    Defendants have been aware of the '040 Patent and of its infringement by
12   Defendants and its customers as of at least May 22, 2017, when, on behalf of DSS,
13   North Forty Consulting, LLC sent Defendants a letter informing Defendants that
14   "several of Nichia's products utilize elements covered by DSS patent(s)…" This letter
15   informed Defendants of the existence of the '040 Patent and described that Defendants
16   may infringe the '040 Patent.  Since that date, Defendants have failed to investigate and
17   remedy their infringement of the '040 Patent and thus willfully and egregiously
18   continue to infringe the '040 Patent.  On information and belief, Defendants continued
19   to offer infringing products without having modified or altered those products in a
20   manner that would not infringe the '040 patent.  Defendants, at the very least, have been
21   egregiously and willfully blind to infringement of the '040 Patent.  Further evidence of
22   Defendants' egregious and willful infringement are the acts of active inducement
23   described in this Complaint.  Defendants actively induce and encourage customers to
24   make, use, sell, offer to sell and/or import the '040 Accused Instrumentalities with
25   knowledge that these acts constitute infringement of the '040 Patent, with the purpose
26   of, *inter alia*, developing and serving the United States market for Defendants' LED
27   products and consumer devices that include Defendants' products.

28

19.     As a result of Defendants' infringement of the '040 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A.     A judgment that Defendants have infringed one or more claims of the '040 Patent;

B.     A judgment and order requiring Defendants to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C.     A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendants; and

E.     Any and all other relief to which DSS may show itself to be entitled.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.


Dated:  September 20, 2019          By:   */s/ Brian Ledahl*

RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
Email: pkroeger@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com
Email: mchan@raklaw.com

Attorneys for Plaintiff,
*Document Security Systems, Inc.*