RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9       **UNITED STATES DISTRICT COURT**
10      **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., | No. 2:19-CV-08172-JVS-JEM |
| Plaintiff, | **Stipulated Protective Order** |
| v. | |
| NICHIA CORPORATION; AND NICHIA AMERICA CORPORATION, | |
| Defendants. | |

It is hereby stipulated by the parties that the Court enter the following Order protecting confidentiality of both party and non-party information to be disclosed in this litigation.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and Civil Local Rules. As set forth in Section 12.3 below, this Protective Order does not by itself entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that constitute or include information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents.

2.3   Counsel (without qualifier): House and Outside Counsel for a Party (as well as their respective support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Russ, August & Kabat

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed or generated in this matter, such as in responses to discovery requests, at depositions, or in hearings.

2.6   <u>Expert</u>: a person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not adequately protect the interests of the Designating Party.  Examples of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material include, but are not limited to, the following:

A.   Confidential licenses, licensing terms, and communications regarding licensing;

B.   Confidential sales, pricing, profit, and other financial information;

C.   Confidential business, marketing, and strategic plans and forecasts;

D.   Confidential technical information, including design, engineering and development documents;

E.   Employee personal information, to the extent such information is produced and not redacted;

F.   Trade Secrets;

G.   Confidential customer information; and

RUSS, AUGUST & KABAT

H.     Any other type or category of information which a Producing Party believes must be held in highest level of confidence because it could otherwise create a competitive disadvantage.

2.8     House Counsel: attorneys who are employees of a Party or a related entity.  House Counsel does not include Outside Counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.10    Outside Counsel: attorneys who are not employees of a Party but are retained to represent or advise a Party in connection with this action.

2.11    Party: any party to one of the above actions, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).  The individual actions are not consolidated and there is no obligation for one defendant to share its confidential information with any other defendant in the above-listed cases.

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, including but not limited to (i) publicly available advertising materials, (ii) materials that have been published to the general public, or (iii) documents that have been submitted to any governmental entity without request for confidential treatment, or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in writing to remove the confidentiality designation or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court will retain jurisdiction over disputes arising from this stipulated protective order for ninety (90) days after final disposition, as defined in the preceding sentence.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that it reasonably believes there is good cause to protect in accordance with the definitions and provisions of this Order.  Such designations shall be made in good faith.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing the designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

If a Party or Non-Party identifies a set of documents that are better made available for inspection, the Party or Non-Party may make the original documents or materials available for inspection as they are kept in the ordinary course of business.  The Party or Non-Party need not designate them for protection until after

the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as required by this Order.

(b) for testimony given in a deposition, hearing, or other proceeding, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specifies the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the time the final transcript is received by the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding, or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician pursuant to the terms of this Protective Order to indicate that the contents of the videotape are subject to this Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals including those who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Counsel for the Producing Party shall have the right to exclude from oral depositions—other than the deponent, the deponent's counsel, the reporter and the videographer (if any)—any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.   The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the information or tangible item cannot be conveniently labeled,

1    it shall be designated by written notice to all Receiving Parties. If only a portion or

2    portions of the information or item warrant protection, the Producing Party, to the

3    extent practicable, shall identify the protected portion(s) and specify the level of

4    protection being asserted.

5            5.3    Inadvertent Failures to Designate. If timely corrected, an

6    inadvertent failure to designate qualified information or items does not, standing

7    alone, waive the Designating Party's right to secure protection under this Order for

8    such material. Upon timely correction of a designation, the Receiving Party must

9    make reasonable efforts to assure that the material is treated in accordance with the

10   provisions of this Order.

11         6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

12         6.1    Timing of Challenges. Any Party or Non-Party may challenge a

13   designation of confidentiality at any time. Unless a prompt challenge to a

14   Designating Party's confidentiality designation is necessary to avoid foreseeable,

15   substantial unfairness, unnecessary economic burdens, or a significant disruption or

16   delay of the litigation, a Party does not waive its right to challenge a confidentiality

17   designation by electing not to mount a challenge promptly after the original

18   designation is disclosed.

19         6.2    Meet and Confer. The Challenging Party shall initiate the dispute

20   resolution process by providing written notice of each designation it is challenging

21   and describing the basis for each challenge. To avoid ambiguity as to whether a

22   challenge has been made, the written notice must recite that the challenge to

23   confidentiality is being made in accordance with this specific paragraph of the

24   Protective Order. The parties shall attempt to resolve each challenge in good faith

25   and must begin the process by conferring directly (in voice to voice dialogue; other

26   forms of communication are not sufficient) within 7 days of the date of service of

27   notice. In conferring, the Challenging Party must explain the basis for its belief that

28   the confidentiality designation was not proper and must give the Designating Party

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if (1) it has engaged in this meet and confer process first, or (2) establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Failure to file such a motion or otherwise seek court intervention within the designated time period shall result in a waiver of the issue. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time after complying with the meet and confer requirements imposed in the preceding paragraph, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision, whether by the Designating Party or Challenging Party, must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any information or item of the Protected Material. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom

RUSS, AUGUST & KABAT

the procedures set forth in paragraph 7.4, below, have been followed, as well as employees of said Experts to whom disclosure is reasonably necessary for this litigation;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, interpreters or translators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action for the Designating Party or the Producing Party (not the Receiving Party), including former employees whom Receiving Party has a good faith belief had access to the information during their employment with the Designating Party or the Producing Party;

(g) the author or recipient appearing on the face of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator who is assigned to hear this matter, and his or her staff.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;[1]

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

---

[1] This Order contemplates that House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

RUSS, AUGUST & KABAT

1  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

2  in paragraph 7.4, below, have been followed, as well as employees of said Experts

3  to whom disclosure is reasonably necessary for this litigation;

4      (c) the court and its personnel;

5      (d) court reporters and their staff, professional jury or trial consultants,

6  interpreters or translators, and Professional Vendors to whom disclosure is

7  reasonably necessary for this litigation and who have signed the "Acknowledgment

8  and Agreement to Be Bound" (Exhibit A);

9      (e) during their depositions, witnesses in the action for the Designating Party

10  or the Producing Party (not the Receiving Party), including former employees whom

11  Receiving Party has a good faith belief had access to the information during their

12  employment with the Designating Party or the Producing Party;

13      (f) the author or recipients appearing on the face of a document containing the

14  information or a custodian or other person who otherwise possessed or knew the

15  information; and

16      (g) any mediator who is assigned to hear this matter, and his or her staff.

17      7.4   Procedures for Approving or Objecting to Disclosure of

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19  ONLY" Information or Items to Experts.

20      (a) Unless otherwise ordered by the Court or agreed to in writing by the

21  Designating Party, a Party that seeks to disclose to an Expert (as defined in this

22  Order) any information or item that has been designated "CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to

24  paragraph 7.2 or 7.3 first must make a written request to the Designating Party that

25  (1) sets forth the full name of the Expert and the city and state of his or her primary

26  residence, (2) attaches a copy of the Expert's current resume and the

27  "Acknowledgement and Agreement to be Bound," (3) identifies the Expert's current

28  employer(s), (4) identifies each person or entity from whom the Expert has received

RUSS, AUGUST & KABAT

compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party challenging the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert would likely result in harm to the movant, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1    the safeguards proposed) outweighs the Receiving Party's need to disclose the

2    Protected Material to its Expert.

3        8.    PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED

4    PRODUCED IN OTHER LITIGATION

5        If a Party is served with a subpoena or a court order issued in other litigation

6    that compels disclosure of any information or items designated in this action as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY" that Party must:

9        (a) promptly notify in writing the Designating Party. Such notification shall

10   include a copy of the subpoena or court order;

11       (b) promptly notify in writing the party who caused the subpoena or order to

12   issue in the other litigation that some or all of the material covered by the subpoena

13   or order is subject to this Protective Order. Such notification shall include a copy of

14   this Protective Order; and

15       (c) cooperate with respect to all reasonable procedures sought to be pursued

16   by the Designating Party whose Protected Material may be affected.[3]

17       If the Designating Party timely seeks a protective order, the Party served with

18   the subpoena or court order shall not produce any information designated in this

19   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" before a determination by the court from which the subpoena or order

21   issued, unless the Party has obtained the Designating Party's permission. The

22   Designating Party shall bear the burden and expense of seeking protection in that

23   court of its confidential material – and nothing in these provisions should be

24   construed as authorizing or encouraging a Receiving Party in this action to disobey

25   a lawful directive from another court.

26

27

28

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request or by court order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request or court order.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

1    determination by the court.[4]  Absent a court order to the contrary, the Non-Party

2    shall bear the burden and expense of seeking protection in this court of its Protected

3    Material.

4         10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6    Protected Material to any person or in any circumstance not authorized under this

7    Protective Order, the Receiving Party must immediately (a) notify in writing the

8    Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

9    or have destroyed all unauthorized copies of the Protected Material, (c) inform the

10   person or persons to whom unauthorized disclosures were made of all the terms of

11   this  Order,  and  (d)  request  that  such  person  or  persons  execute  the

12   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

13   A.

14        11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR

15   OTHERWISE PROTECTED MATERIAL

16        Inadvertent or unintentional production of "CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information

18   without such designations shall not be deemed a waiver in whole or in part of a claim

19   for  treatment  as  "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL  –

20   ATTORNEYS' EYES ONLY."  If, through inadvertence, a Producing Party

21   provides any information pursuant to this litigation without marking the information

22   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY" the Producing Party may subsequently inform the Receiving Party of the

24   specific designation of the disclosed information, and the Receiving Party shall treat

25   the disclosed information as "Confidential" or "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY" information upon receipt of written notice from the

27

28   _____

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Producing Party.  To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.

If a Producing Party produces a document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure.  In such circumstances, upon discovery of the disclosure, the Producing Party shall immediately notify the Receiving Party of the production, and request either the return or confirmation of destruction of the Privileged Materials.  Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials.  Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials (based on information independent of the content of the returned, allegedly privileged materials in question) and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way.  The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel.  The Producing Party shall identify the Privileged Material in question in a privilege log that lists the privilege or immunity invoked, the bases therefor, and the authors/recipients/custodians.  With respect to the privilege logs in each separate case captioned above, communications and materials prepared or exchanged after the filing of the Complaint in that case will be excluded from the logs in that case.

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5.

12.4 <u>New Parties</u>.  In the event that a new party is added, substituted or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

12.5 <u>Prosecution Bar</u>.  Absent written consent from the Producing Party, any individual who reviews or is informed of the contents of technical information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the contents of said information, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising on, or otherwise affecting the scope or maintenance of patent

1  claims. To avoid any doubt, "prosecution" as used in this paragraph does not include

2  representing a (non-patent owner) party challenging a patent before a domestic or

3  foreign agency (including, but not limited to, a reissue protest, *ex parte*

4  reexamination or *inter partes* reexamination, *inter partes* review, and interference

5  proceedings). "Prosecution" also does not include representing and/or advising a

6  party in a post-issuance proceeding if the party does not seek to amend its claims in

7  that proceeding. This Prosecution Bar shall begin when technical information

8  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is first

9  reviewed by the affected individual or the affected individual is informed of the

10  contents of such information, and shall end two (2) years after the final disposition

11  of this action.

12      13.  <u>FINAL DISPOSITION</u>

13      Within 60 days after the final disposition of this action, as defined in

14  paragraph 4, each Receiving Party must return all Protected Material to the

15  Producing Party or destroy such material. As used in this subdivision, "all Protected

16  Material" includes all copies, abstracts, compilations, summaries, and any other

17  format reproducing or capturing any of the Protected Material. Whether the

18  Protected Material is returned or destroyed, the Receiving Party must submit a

19  written certification to the Producing Party (and, if not the same person or entity, to

20  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

21  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

22  that the Receiving Party has not retained any copies, abstracts, compilations,

23  summaries or any other format reproducing or capturing any of the Protected

24  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

25  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

26  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

27  work product, and consultant and expert work product, even if such materials contain

28  Protected Material.  Outside Counsel need not purge its document management

RUSS, AUGUST & KABAT

1    system or backup tapes to eliminate Protected Material.  Any such archival copies

2    that contain or constitute Protected Material remain subject to this Protective Order

3    as set forth in Section 4 (DURATION).

4

5

6    IT IS SO ORDERED.

7    DATED: 4/16/2020

8    ~~Hon. James V. Selna~~

9    ~~United States District Judge~~

10                   JOHN E. McDERMOTT
11                   UNITED STATES MAGISTRATE JUDGE

RUSS, AUGUST & KABAT

STIPULATED PROTECTIVE ORDER